**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHAKA FATTAH, JR.** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **No.  15-4165** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| **U.S. DEPARTMENT OF JUSTICE** | : | |

**MEMORANDUM**

Savage, J.                                                          **August 5, 2015**

Plaintiff Chaka Fattah, Jr., proceeding *pro se*, has filed a motion to proceed *in forma pauperis* and a complaint against the United States of America and the U.S. Department of Justice.  For the following reasons, we shall grant Fattah leave to proceed *in forma pauperis* and dismiss his complaint as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Facts[1]**

This case is related to a federal criminal proceeding currently pending against Fattah and a prior civil action that he filed based on the criminal investigation into his conduct.  In July of 2014, Fattah was charged in a criminal indictment with several fraud, theft, and tax-related offenses.  *United States v. Chaka Fattah, Jr.*, E.D. Pa. Crim. A. No. 14-409.  He was appointed counsel from the Federal Community Defender Office.  Approximately four months later, Fattah filed a motion seeking to represent himself.  *Id.* (Document No. 29).  Judge Bartle, who is presiding over Fattah's criminal

---

[1] The following facts are taken from the complaint and the publicly available dockets for the criminal and civil cases referenced in the complaint.

case, granted that motion and appointed the Federal Community Defender Office as standby counsel.  Fattah unsuccessfully sought to dismiss the indictment on more than one occasion and recently filed a third interlocutory appeal.  The criminal case is currently scheduled for trial in October.

Prior to his indictment, Fattah brought a civil action against the United States and the Internal Revenue Service.  He raised claims based on IRS agents' search of his residence in connection with the criminal investigation into his conduct and the news media's reporting on that search.  *See Fattah v. United States*, Civ. A. No. 14-1092, 2014 WL 4249768, at **1-2 (E.D. Pa. Aug. 27, 2014).  We dismissed Fattah's claims, except one based upon a prohibited disclosure of tax information under 26 U.S.C. § 7431.  *Id.* at *14.  The civil case was stayed pending the resolution of the federal criminal proceeding.

In the instant civil action, Fattah alleges that the United States and the U.S. Department of Justice violated several of his constitutional rights.  He claims that because he suffered financial loss due to the government's pre-indictment conduct, as alleged in Civ. A. No. 14-1092, he lacks sufficient funds to pay for counsel of his choice in his criminal action and to pay for an investigation and/or experts to mount a defense. Accordingly, so he alleges, the federal government has deprived him of his Sixth Amendment right to his choice of counsel and of due process.

Fattah also alleges that the federal criminal proceeding against him was initiated in bad faith and violates his First Amendment rights in several respects. He seeks damages, an injunction staying his criminal case until resolution of his civil cases, and a

2

declaration that his constitutional rights have been violated by the government's pre-indictment conduct and his federal prosecution.

**Discussion**

It appears Fattah is incapable of paying the fees necessary to commence this civil action. Thus, we shall grant Fattah leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), we must dismiss the complaint if it is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  As Fattah is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011).

There is no legal basis for Fattah's constitutional claims because the defendants are entitled to sovereign immunity.  "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Although *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) creates a damages remedy for certain constitutional violations committed by officials acting under federal law, it does not support a cause of action against the federal government itself or federal agencies.   *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) (explaining that *Bivens* "is concerned solely with deterring the unconstitutional acts of individual officers"); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens*

3

itself."); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (per curiam) ("*Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver"). The United States has not waived immunity for constitutional claims such as those raised by Fattah.  Consequently, there is no legal basis for his complaint.

In essence, Fattah is asking us to take action that would affect his ongoing criminal case before Judge Bartle.  We cannot do so.  "[T]he structure of the federal courts does not allow one district judge to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction."  *See Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012).  In other words, we have no authority to interfere with the criminal case before Judge Bartle.

## Conclusion

Because there is no legal merit to Fattah's claims, we shall dismiss his complaint as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).  We shall not grant leave to amend because amendment would be futile.